UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
RICHARD J. HUTTER, JR.                                                      COMPLAINT
                                                                            JURY DEMAND
                            Plaintiff,

    -against-

THE CITY OF NEW YORK; STEPHEN CIRABISI, as
Inspector, Chief of Department Investigation Review Section,
Vehicle Identification Unit and LEONTYNE GARNER, as
Sergeant, Chief of Department Investigation Review Section,
Vehicle Identification Unit, each sued individually and in their
official capacities' as employees of defendant THE CITY OF
NEW YORK

                            Defendants'
----------------------------------------------------------------------x

The plaintiff RICHARD J. HUTTER, JR., through his attorney The Sanders Firm, P.C., files this federal complaint against defendants' THE CITY OF NEW YORK; STEPHEN CIRABISI and LEONTYNE GARNER, respectfully set forth and allege that:

### INTRODUCTION

This is an action for equitable relief and money damages on behalf of the plaintiff RICHARD J. HUTTER, JR., (hereinafter referred to as "Plaintiff") who was being deprived of his statutory rights as an employee because of defendants' THE CITY OF NEW YORK; STEPHEN CIRABISI and LEONTYNE GARNER'S retaliatory conduct.

### JURISDICTION AND VENUE

1.  The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

    a.  the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in his civil rights and the redress of deprivation of rights under color of law;

    b.  the First Amendment of the United States Constitution guarantees freedoms

concerning religion, expression, assembly, and the right to petition.

2. The unlawful employment practices, violations of plaintiff's civil rights complained of herein were committed within the Eastern and Southern Districts of New York.

## PROCEDURAL REQUIREMENTS

3. Plaintiff has filed suit with this Court within the applicable statute of limitations period.

## PLAINTIFF

4. Plaintiff RICHARD J. HUTTER, JR., is a male citizen of the United States of America, over twenty-one (21) years of age, and a former employee of defendant THE CITY OF NEW YORK more specifically Police Department City of New York.

## DEFENDANTS'

5. Defendant THE CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York.

6. Defendant STEPHEN CIRABISI, as Inspector, Chief of Department Investigation Review Section, Vehicle Identification Unit.

7. Defendant LEONTYNE GARNER, as Sergeant, Chief of Department Investigation Review Section, Vehicle Identification Unit.

## BACKGROUND

8. Plaintiff alleges that prior to retirement, he was a Lieutenant assigned to the Chief of Department Investigation Review Section, Vehicle Identification Unit.

9. Plaintiff alleges that in or around February 2016, while assigned to the School Safety Uniform Task Force, defendant STEPHEN CIRABISI requested him to transfer to the Chief of Department Investigation Review Section, Vehicle Identification Unit.

10. Plaintiff alleges that defendant STEPHEN CIRABISI expressed his displeasure with the efficiency of the operations including ensuring the personnel being properly supervised.

11. Plaintiff alleges that defendant STEPHEN CIRABISI had a concern about Detective Donald Hoehl.

12. Plaintiff alleges that Detective Hoehl is the nephew of Retired Assistant Chief Allan Hoehl, Patrol Borough Manhattan South.

13. Plaintiff alleges that defendant STEPHEN CIRABISI received numerous complaints about Detective Hoehl's unprofessional and abusive behavior towards other employees.

14. Plaintiff alleges that defendant STEPHEN CIRABISI received numerous complaints about Detective Hoehl failing to perform his assigned duties.

15. Plaintiff alleges that defendant STEPHEN CIRABISI was afraid to discipline and transfer Detective Hoehl out of the Chief of Department Investigation Review Section, Vehicle Identification Unit because he was afraid of Hoehl's 'connections.'

16. Plaintiff alleges that about two weeks later, upon assignment to the Chief of Department Investigation Review Section, Vehicle Identification Unit, he met with Detective Hoehl and discussed with him his expectations.

17. Plaintiff alleges that he also met with Detective Hoehl's direct supervisor defendant LEONTYNE GARNER.

18. Plaintiff alleges that he discussed defendant STEPHEN CIRABISI'S concerns and instructed his subordinate defendant LEONTYNE GARNER to closely monitor Detective Hoehl.

19. Plaintiff alleges that despite his discussions with defendant LEONTYNE GARNER and Detective Hoehl, there was little improvement.

20. Plaintiff alleges that in or around April 2016, he issued Detective Hoehl a Command

Discipline for not properly performing his assigned duties.

21. Plaintiff alleges shortly thereafter, he met with defendants' STEPHEN CIRABISI and LEONTYNE GARNER, requesting Detective Hoehl transfer out of the Chief of Department Investigation Review Section, Vehicle Identification Unit due to his poor performance.

22. Plaintiff alleges that defendant STEPHEN CIRABISI denied his request to transfer Detective Hoehl out of the Chief of Department Investigation Review Section, Vehicle Identification Unit.

23. Plaintiff alleges that in or around July 2016, during another meeting, he learned defendants' STEPHEN CIRABISI and LEONTYNE GARNER failed to disclose that Detective Hoehl's unprofessional and abusive behavior towards other employees and poor performance is related to alcohol abuse.

24. Plaintiff alleges that defendants' STEPHEN CIRABISI and LEONTYNE GARNER further disclosed Detective Hoehl consumes alcohol while working inside of NYPD assets (facilities, vehicles and other equipment) and outside while on assignment.

25. Plaintiff alleges that he expressed his shock and displeasure defendants' STEPHEN CIRABISI and LEONTYNE GARNER as supervisors would cover-up Detective Hoehl's alcohol abuse which is a breach of the personnel's and public safety.

26. Plaintiff alleges that instead of suspending and reporting Detective Hoehl's conduct to the Internal Affairs Bureau, defendants' STEPHEN CIRABISI and LEONTYNE GARNER ordered him to report to the Medical Division escorted by defendant LEONTYNE GARNER and Detective Moreno.

27. Plaintiff alleges that upon information and belief, Detective Hoehl was immediately placed on Restricted Duty status and assigned to the Counseling Services Unit.

28. Plaintiff alleges that shortly thereafter, he searched the top of the desk assigned to Detective Hoehl for incomplete assignments.

29. Plaintiff alleges that defendant LEONTYNE GARNER seemed offended and questioned his need to search the top of the desk assigned to Detective Hoehl.

30. Plaintiff alleges that in or around September 2016, he learned he was the subject of a false allegation.

31. Plaintiff alleges that he was ordered to appear at the Office of Equal Employment Opportunity regarding a false allegation that he called Detective Hoehl 'Donna.'

32. Plaintiff alleges the Office of Equal Employment Opportunity determined the false allegation was 'unsubstantiated.'

33. Plaintiff alleges in or around October 2016, employees assigned to Internal Affairs Bureau Group No.: 1, reported to the Chief of Department Investigation Review Section, Vehicle Identification Unit and seized department payroll timesheets and vacation requests.

34. Plaintiff alleges that defendant STEPHEN CIRABISI told him he could no longer accrue overtime hours.

35. Plaintiff alleges in or around December 2016, he learned he was the subject of another false allegation.

36. Plaintiff alleges that he was ordered to appear at the Internal Affairs Bureau Group No.: 1 regarding a false allegation: 'stealing time.'

37. Plaintiff alleges that or around February 2017, he learned he was the subject of more false allegations.

38. Plaintiff alleges that he was ordered to appear at the Internal Affairs Bureau Group No.: 1 regarding false allegations: 'stealing time' and 'failing to supervise.'

39. Plaintiff alleges that on or about March 8, 2017, defendant STEPHEN CIRABISI administratively transferred him to the 106 Precinct pending receipt of Charges and Specifications.

40. Plaintiff alleges on or about June 28, 2017, he learned he was the subject of more false allegations.

41. Plaintiff alleges that he was ordered to appear at the Internal Affairs Bureau Group No.: 1 regarding false allegations: 'improper use of department computers.'

42. Plaintiff alleges that on or about January 31, 2018, faced with mounting false allegations and pending receipt of Charges and Specifications, he officially retired from the NYPD.

43. Plaintiff alleges defendants' THE CITY OF NEW YORK; STEPHEN CIRABISI and LEONTYNE GARNER and their agents unfairly retaliated against him and violated his civil rights under the Civil Rights Act of 1871, 42 U.S.C. § 1983; First Amendment of the United States Constitution and Article I, § 8 because he refused to condone and cover-up Detective Hoehl's alcohol abuse which was a breach of the personnel's and public safety.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RETALIATION
### IN VIOLATION OF
### THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

44. Plaintiff re-alleges Paragraphs 1 through 43 and incorporates them by reference as Paragraphs 1 through 43 of Count I of this Complaint.

45. Plaintiff alleges that defendants' THE CITY OF NEW YORK; STEPHEN CIRABISI and LEONTYNE GARNER acting individually and in their official capacities as public officials of defendant THE CITY OF NEW YORK under color of law and having been advised that

he was being deprived of his constitutional rights, either acted in a concerted, malicious, intentional pattern to retaliate against him for refusing to condone and cover-up Detective Hoehl's alcohol abuse which was a breach of the personnel's and public safety.

46. Plaintiff alleges that he suffered retaliatory actions by defendants' THE CITY OF NEW YORK; STEPHEN CIRABISI and LEONTYNE GARNER and their agents.

47. Plaintiff alleges that defendants' THE CITY OF NEW YORK; STEPHEN CIRABISI and LEONTYNE GARNER under color of law caused him mental anguish, damage to his personal and professional reputation, and loss of employment opportunities.

## JURY TRIAL

48. Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands compensatory and punitive damages from defendants' THE CITY OF NEW YORK; STEPHEN CIRABISI and LEONTYNE GARNER jointly and severally, in an amount to be determined at trial, plus any all available statutory remedies, both legal and equitable, and interests and costs.

Dated: November 12, 2018
New York, NY

Respectfully submitted,

By: *[signature]*
Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, NY 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com